IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARTIN JEREMY CONYERS,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **CIVIL ACTION NO. 05-0322-CG-B** |
| ) | |
| **INLAND DREDGING COMPANY, LLC,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on defendants' motion for partial summary judgment (Doc. 22) and brief in support (Doc. 23). For the reasons stated below, the court finds that defendants' motion is due to be granted.

## BACKGROUND

Plaintiff filed this action seeking relief under the Jones Act and general maritime law, alleging injuries as a result of defendants' negligence. (Complaint, Doc. 1). The complaint alleges that, at the time of his alleged injuries, plaintiff was employed by the defendants as a member of the crew of the DREDGE KELLY L. Plaintiff alleges that defendants were arbitrary, capricious, willful, and unreasonable in failing to properly investigate and honor plaintiff's claims for maintenance and cure and that, as a result, he is entitled to proper maintenance and cure, attorney's fees for unreasonable failure to pay maintenance and cure, and damages resulting from failure to pay maintenance and cure. In plaintiff's answers to interrogatories (Doc. 23, Attach. 1), plaintiff also claims he is entitled to punitive damages for defendants' willful and unreasonable failure to pay proper maintenance and cure.

## DISCUSSION

**A. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Punitive Damage Claim**

Defendants' motion for partial summary judgment contends that the law does not allow for punitive damages for the failure to provide maintenance and cure.  Defendants cite extensive case law in support of their contention. See e.g. Miles v. Apex Marine Corp., 498 U.S. 19 (1990); Guevara v. Mar. Overseas Corp., 59 F.3d 1496, 1513 (5th Cir. 1995);  Horsley v. Mobil Oil Corp., 15 F.3d 200, 203 (1st Cir. 1994); Smith v. Trinidad Corp., 992 F.2d 996 (9th Cir. 1993); Murray v. Anthony J. Bertucci Constr. Co., 958 F.2d 127, 132 (5th Cir. 1992); Hollinger v. Kirby Tankships, Inc., 910 F. Supp. 571, 573 (S.D. Ala. 1996).

Plaintiff was ordered to respond to defendants' motion on or before July 5, 2006. (Doc. 24).  No response was filed, and the court again ordered plaintiff to respond to defendants' motion on or before July 14, 2006. (Doc. 26).   Plaintiff was warned that "[f]ailure to respond will be viewed as a concession to the issue, and the defendants' motion will be granted."  (Doc. 26).  To date, the court has received no response.

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).  Although this court agrees with Judge Howard's opinion in Hollinger, supra, that the 11th Circuit will fall in line with those circuits which have ruled that punitive damages are unavailable in maintenance and cure cases, because plaintiff has abandoned his claim for punitive damages by not responding to the motion for partial summary judgment, the motion is granted on that basis.

## CONCLUSION

For the reasons stated above, defendants' motion for partial summary judgment is **GRANTED**, and plaintiff's claims for punitive damages for defendants' willful and unreasonable failure to pay proper maintenance and cure are hereby **DISMISSED**.

**DONE and ORDERED** this 2nd day of August, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE