IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARTIN JEREMY CONYERS,** )  )  **Plaintiff,** ) ) v.                                                                  ) ) **INLAND DREDGING COMPANY, LLC,** ) **et al.,** ) ) **Defendants.** ) | **CIVIL ACTION NO. 05-0322-CG-B** |

## ORDER

This matter is before the court on plaintiff's motion "to continue motion for summary judgment." (Doc. 35). For the reasons stated above, defendants' motion is due to be denied and plaintiff is required to respond to defendants motion for summary judgment on or before November 17, 2006.

## BACKGROUND

Plaintiff filed this action seeking relief under the Jones Act and general maritime law, alleging injuries as a result of defendants' negligence. (Complaint, Doc. 1). Discovery in this matter closed on September 29, 2006 and the deadline for disclosure of expert testimony was May 5, 2006. (Doc. 29). On October 20, 2006, defendants moved for summary judgment asserting that plaintiff has failed to submit any evidence regarding causation and has failed to show that plaintiff's maintenance and cure was not fully paid. (Docs 32, 33). Plaintiff was ordered to respond on or before November 9, 2006. (Doc. 34). Plaintiff filed the current motion on November 9, 2006 seeking an additional 30 days to receive a report and affidavit from a newly retained expert.

## DISCUSSION

Plaintiff essentially is requesting not only that he be granted an extension to respond to

defendants' motion for summary judgment, but that discovery be reopened and the deadline for disclosure of expert testimony be extended as well.  District courts are required to "enter a scheduling order that limits the time  ... to complete discovery ... " FED. R. CIV. P. 16(b).  Such orders "control the subsequent course of the action unless modified by a subsequent order," FED. R. CIV. P. 16(e), and may be modified only "upon a showing of good cause." FED. R. CIV. P. 16(b).   The court finds that plaintiff has not shown good cause for reopening discovery and allowing the disclosure of an expert witness this late in the litigation.  The scheduling order entered in this case expressly warns the parties that

> **Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it <u>and</u> (2) that the parties have diligently pursued discovery.**

(Doc. 29, ¶ 3) (emphasis in original).  Plaintiff was apparently surprised by the deposition testimony of a treating physician witness, but has failed to demonstrate that extraordinary circumstances require an extension of the discovery and expert disclosure deadlines.  Nor has plaintiff demonstrated that discovery was diligently pursued. The deposition in question was taken on September 12, 2006, before the discovery cut-off date, and well before the motion for summary judgment was filed.  Plaintiff  waited until the very day his response to the defendants' motion for summary judgment is due to seek relief.   The court finds it inappropriate to allow such an extension at this late date merely because the testimony of plaintiff's treating physician was unfavorable to the plaintiff.

## CONCLUSION

For the reasons stated above, defendants' motion "to continue motion for summary judgment." (Doc. 35) is **DENIED**.   Plaintiff is **ORDERED** to **respond** to the  motion for summary judgment **on or before November 17, 2006.**     If no response is filed, it will be taken as an admission that summary judgment is to be granted.  Defendant's may file a **reply** to any

response filed on or before **November 29, 2006.**

      **DONE and ORDERED** this 13th day of November, 2006.

                                            /s/ Callie V. S. Granade
                                            CHIEF UNITED STATES DISTRICT JUDGE